United States Court of Appeals,

Eleventh Circuit.

No. 95-9042.

UNITED STATES of America, Plaintiff-Appellee,

v.

Tony RILEY, Melvin Cleveland, Defendants-Appellants.

June 3, 1998.

Appeals from the United States District Court for the Southern District of Georgia. (No. CR495-10-AAA), Anthony A. Alaimo, Judge.

Before COX and BLACK, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

Tony Riley and Melvin Cleveland appeal their convictions and sentences for conspiracy to possess with intent to distribute both cocaine hydrochloride (powder) and cocaine base (crack), in violation of 21 U.S.C. § 841(a). We affirm their convictions without discussion. *See* 11th Cir. R. 36-1. We affirm their sentences for the reasons given below.

*1. Background*

Riley and Cleveland were both involved in a large organization that purchased powder, processed it into crack, and then distributed it in the Savannah, Georgia area. Riley was a crack addict and right-hand man to Michael Woodard, the alleged leader of the organization. Among other things, Riley kept accounts, negotiated some deals, purchased crack, and forged automobile insurance cards in exchange for crack furnished by the organization. Cleveland was a supplier of powder to the organization.

Cleveland was indicted for conspiracy to possess with intent to distribute "cocaine in both powder (hydrochloride) and "crack' (base) forms." (R.1-192 at 2.) Riley was indicted for aiding and

abetting the same conspiracy. The jury was instructed that it could convict if it found a conspiracy to "possess cocaine and cocaine base with the intent to distribute" of which the defendant was a member, or that the defendant aided and abetted such a conspiracy. (R.6 at 198.) The jury returned a general verdict finding both defendants guilty. Neither Riley nor Cleveland requested a special verdict from the jury determining whether their offense conduct involved powder, crack, or both. They were both sentenced according to amounts of powder and crack attributed to them by their presentence reports. In neither case did the district court find other than by a preponderance of the evidence which drug the offense involved.

In this appeal, Riley and Cleveland challenge their sentences first because there was no special verdict, or finding beyond a reasonable doubt, whether their offenses involved powder, crack, or both. Because neither Riley nor Cleveland asked for a special verdict or raised these issues before or at sentencing, we review the district court's sentence for plain error only. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 1776, 123 L.Ed.2d 508 (1993). Riley also challenges the amount of crack and cocaine powder attributed to him at sentencing.[1] We review the district court's finding of fact for clear error only. *See United States v. Frazier,* 89 F.3d 1501, 1506 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 1719, 137 L.Ed.2d 842 (1997).

*2. Discussion*

a. Sentencing for Crack or Powder Cocaine

The district court found that Riley was associated with, or could foresee the conspiracy's transacting in, at least 2 kg of crack and 12 kg of powder. When two drugs are found to be involved

---

[1] In the "Summary of Argument" section of his brief, Cleveland challenges the amount of cocaine attributed to him; the contention is not listed under "Issues," however, and there is no argument concerning it. While it is not clear that the issue has been raised, the argument is, in any event, meritless.

in an offense, the Sentencing Guidelines mandate setting a base offense level by calculating marijuana equivalencies, and then choosing the base offense level appropriate for the total equivalent amount of marijuana. *See* U.S.S.G. § 2D1.1 comment. nn. 6, 10 (1994).[2] In Riley's case, application of this rule resulted in a base offense level of 38, corresponding to 42,400 lbs. of marijuana, the marijuana equivalent of 2 kg of crack plus 12 kg of powder. *See id.* § 2D1.1(c)(1). The offense level for the powder alone would have been 32. *See id.* § 2D1.1(c)(4). The district court attributed 65 kg of cocaine powder and 17 oz. of crack cocaine to Cleveland. This resulted in a base offense level of 36; the offense level for 17 oz. (a little under 500 gm) of crack is only 34. *See id.* § 2D1.1(c)(3).

The disparity between their sentences based on powder and crack and the sentences they would have received had only the lower-sentenced drug figured into the calculation lead Riley and Cleveland to make two main arguments.[3] First, they contend that because the indictment permitted conviction for a drug offense involving either powder or crack,[4] the absence of a special verdict required the district court to impose a sentence that assumed that their offenses involved only the drug yielding the lower sentence. Thus, presumably, they contend that Riley should have been

---

[2]Riley and Cleveland were sentenced under the 1994 Guidelines, and it is to those that we refer throughout this opinion.

[3]Briefly, they also contend that they were due a special verdict even though they did not ask for it. The district court did not commit plain error. *See Williams v. United States,* 238 F.2d 215, 218 (5th Cir.1956). Riley and Cleveland also contend that 21 U.S.C. § 841's use of "cocaine" and "cocaine base" is unconstitutionally vague, and that the rule of lenity prohibits conviction for an offense involving the drug leading to the more severe penalty. This court has rejected precisely that contention. *See United States v. Sloan,* 97 F.3d 1378, 1381-83 (11th Cir.1996), *cert. denied,* --- U.S. ----, 117 S.Ct. 2459, 138 L.Ed.2d 216 (1997).

[4]Under the law of this circuit, the indictment's use of "and" between crack and powder permits conviction of an offense involving either one. *Cf. United States v. McCann,* 465 F.2d 147, 162 (5th Cir.1972).

sentenced for aiding and abetting a conspiracy to possess 12 kg of cocaine with intent to distribute, and that he should therefore have had a base offense level of 32. According to Cleveland, he should have been sentenced for conspiring to possess with intent to distribute 17 oz. of crack, for a base offense level of 34.

There is no plain error here, because there is no error. *See Olano,* 507 U.S. at 732, 113 S.Ct. at 1776. In a case that is virtually identical to this one, the Supreme Court has rejected the same contention. *Edwards v. United States,* --- U.S. ----, ----, 118 S.Ct. 1475, 1477, --- L.Ed.2d ----, ---- (1998). The Court noted that a sentencing judge is not limited to considering the offense of conviction. *Id.* Rather, the judge may sentence for *both* offense conduct *and* any other "relevant conduct." *Id.* (citing U.S.S.G. § 1B1.3(a)). Thus, whether the jury found that Riley and Cleveland engaged only in a crack conspiracy, or only in a powder conspiracy, or both, the judge was free to impose a sentence based on both drugs.

The Court stated only two exceptions to this rule. First, if the amount of one substance involved leads to a lower statutory maximum sentence than would apply to the amount of the other substance, *compare* 21 U.S.C. § 841(b)(1)(A) *with id.* § 841(b)(1)(B), then the district court must stay below the lower statutory maximum. *See Edwards,* --- U.S. at ----, 118 S.Ct. at 1477. But here, both Riley and Cleveland generously exceeded the amounts required to make them eligible for life sentences under § 841(a)(1)(A), whether they are sentenced solely for crack or solely for powder. Second, a lower sentence may be warranted if the conduct involving one of the drugs is not "relevant conduct" under the Guidelines—that is, not part of the same "course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2); *Edwards,* --- U.S. at ----, 118 S.Ct. at 1478. In this case, neither Riley nor Cleveland contends that either crack or powder was absent from their course of conduct. Indeed, the record shows that such a contention would be inconsistent

with the overwhelming evidence of a scheme to process powder into crack for retail sale. *Cf. id.* (making similar observation on facts of that case).

Riley and Cleveland's second attack on their sentences rests on the Guidelines commentary to U.S.S.G. § 1B1.2(d). That commentary addresses the circumstance in which an indictment charges a multiple-object conspiracy, but the jury's verdict does not establish what object or objects of the conspiracy the jury found to be present. In that situation, this court has interpreted the Guidelines commentary to require the sentencing judge to find beyond a reasonable doubt which alleged objects were in fact objects of the conspiracy. *See United States v. McKinley,* 995 F.2d 1020, 1026 (11th Cir.1993). Based on *McKinley,* Riley and Cleveland assert that the district court was required to find beyond a reasonable doubt whether the conspiracy involved powder, crack, or both.

No error—let alone plain error—occurred. Unlike in *McKinley,* the conspiracy charged here is not a multi-object one. The *McKinley* defendants were charged with conspiring to commit two offenses prohibited by two different statutes. *See id.* at 1022. In this case, by contrast, the conspiracy alleged was one to violate 21 U.S.C. § 841(a) by possessing with intent to distribute a controlled substance. Thus, the conspiracy had only one object. As the Seventh Circuit has put it, the conspiracy was to "commit *one crime* in *two ways.*" *United States v. Edwards,* 105 F.3d 1179, 1181 (7th Cir.1997) (emphasis in original), *aff'd,* --- U.S. ----, 118 S.Ct. 1475, --- L.Ed.2d ---- (1998). Thus, the beyond-a-reasonable-doubt finding required by U.S.S.G. § 1B1.2(d) for multi-object conspiracies was not required here.

Rather, under the law of this circuit, the court had to find simply by a preponderance of the evidence that Cleveland conspired, and Riley aided and abetted a conspiracy, to possess both powder and crack with intent to distribute. *Cf. United States v. Ramsdale,* 61 F.3d 825, 832 (11th Cir.1995)

(plain error for judge to omit finding whether conspiracy involved D- or L-methamphetamine, when indictment simply charged conspiracy involving methamphetamine); *United States v. Patrick,* 983 F.2d 206, 208 (11th Cir.1993) (same methamphetamine problem; required finding need only be by a preponderance-of-the-evidence standard). Nothing in the record suggests that the district court failed to make such a finding in this case; the judge adopted the presentence report for both Riley and Cleveland, finding its conclusions to be supported by a preponderance of the evidence.

We accordingly conclude that none of the asserted plain error occurred in Riley's or Cleveland's sentencing.

b. Amount of Drugs Attributed to Riley

Riley makes an alternative contention that the district court's finding of fact concerning the amount of crack attributable to him was clearly erroneous. The district court adopted the presentence report's findings. Those findings were based on three categories of evidence. First, there was trial testimony from three co-conspirators that explicitly linked Riley with amounts of crack cocaine; Riley concedes that a finding of the amount they testified to, 22 oz., would be proper.[5] The second category was trial testimony that was ambiguous as to the exact amount of crack concerned. Some of this testimony simply refers to a weight of cocaine, without identifying the form; one passage of testimony refers to a dollar value without giving a weight or a price per ounce; other testimony refers to a number of "rocks" of crack, without estimating the weight of each rock. Testimony from Michael Woodard also falls in this category: he testified that he purchased anywhere from two to six kilograms of powder from Cleveland every week from 1990 until 1993

---

[5]That is 3 oz. that Jerome Perry testified Riley delivered to him; 18 oz. that Michael Irwin testified that Riley delivered to him over six separate occasions, either alone or with a co-conspirator, Michael Woodard; and one ounce that Derrick Johnson supplied Riley for personal use. Riley concedes only 9 to 10 ounces because he overlooks Irwin's testimony that Riley was present for six deliveries of two to three ounces of crack.

to cook into crack and distribute, but that only after an unspecified point in this period was Riley actively involved in negotiating sales and delivery. In the third category was a statement relied upon by the presentence report from co-conspirator and codefendant Cardell West to a DEA agent that Riley was present on two occasions when a kilogram of powder was cooked into crack. Riley contends that the second and third categories were not a proper basis for the court's finding, and that he should therefore be resentenced.

We start with the third category, which is the focus of Riley's argument. Riley contends that West's statement was unreliable because West was not cross-examined, and because West was biased due to his hopes for a substantial-assistance sentence reduction. The first assertion is tantamount to arguing that the sentencing judge should not consider hearsay. This court has rejected this contention. *See United States v. Query,* 928 F.2d 383, 384 (11th Cir.1991). The second assertion is not enough by itself to call into question the judge's consideration of West's statement. At sentencing, the district court may consider any information with sufficient reliability. *See* U.S.S.G. § 6A1.3(a). West's cooperation with the Government, without more,[6] does not prohibit the judge from relying on the statement. Codefendants who are cooperating with the Government often provide much of the evidence necessary to support a *conviction;* certainly their statements may enter into sentencing. The district court was thus entitled to consider West's statement, as reported in the presentence report, to be a proper basis for calculating the amount of drugs attributable to Riley.

West stated that Riley was present during two sessions when one kilogram of powder was cooked into crack. Testimony at trial indicated that even impure, low-quality cocaine retains more

---

[6]*See, e.g., United States v. Lee,* 68 F.3d 1267, 1276 (11th Cir.1995) (hearsay statement to DEA agent arguably unreliable because co-conspirator was a fugitive).

than half its weight through the cooking process. (R.5 at 188.) The district court could thus conclude that at least one kilogram of crack cocaine came out of these cooking sessions. The specifically identified crack from the first category of evidence, which Riley concedes is a proper basis for sentencing, is 22 oz. or 623.7 gm. That means that the district court could properly find that at least 1.6237 kg of crack is attributable to Riley. Because any amount over 1.38 kg of crack would have yielded the same base offense level, we need not worry about the difference between a proper 1.6237 kg finding and an arguably improper 2 kg finding. *Cf. United States v. Brazel,* 102 F.3d 1120, 1161 (11th Cir.) (no reversible error in sentence even though part of crack amount attributed was based on speculation; properly found amounts still yielded the same base offense level), *cert. denied,* --- U.S. ----, 118 S.Ct. 78, 139 L.Ed.2d 37 (1997). Whether or not a finding of two kilograms was clear error, any error would not require resentencing.

Even excluding West's testimony altogether, moreover, the district judge's finding does not lead to vacatur of Riley's sentence. A piece of information in the second category, Woodard's testimony, would also permit a finding that more than 1.38 kg of crack is attributable to Riley. Woodard testified to vague amounts, but the quantities were so large (2 to 6 kg of powder a week cooked into crack over a three-year period) that even if we assume that Riley entered the picture only a year before the three-year-long conspiracy ended, a minimum of 104 kg of powder would have been processed with Riley's knowledge. Even impure powder, according to the record, would have yielded more than 50 kg of crack from this amount of powder. Counting only .7563 kg of this 50 kg of crack would, when coupled with the amount Riley concedes is attributable to him, reach the 1.38 kg necessary to achieve the same base offense level. While a court may not rely on speculation to measure an amount of cocaine, *see United States v. Butler,* 41 F.3d 1435, 1447 (11th Cir.1995), so conservative an estimate as is necessary to reach the result here would not be improper.

Riley's sentence stands.

### 3. Conclusion

For the foregoing reasons, we affirm Cleveland's and Riley's convictions and sentences.

Affirmed.