[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 16, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-11338

_____

D. C. Docket Nos. 00-00007-CV-WCO-2
and 96-00020 CR-1-2

RANDY LAMAR BLACK,

Petitioner-Appellee,

versus

UNITED STATES OF AMERICA,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 16, 2004)**

Before BARKETT and KRAVITCH, Circuit Judges, and FORRESTER[*], District
Judge.

---

[*] Honorable J. Owen Forrester, United States District Judge for the Northern District of
Georgia, sitting by designation

Randy Lamar Black, currently serving four life sentences for drug-related offenses, filed the instant 28 U.S.C. § 2255 petition to vacate his life sentence for conspiracy to possess marijuana and methamphetamine based on a claim of ineffective assistance of counsel.

The conspiracy in this case involved two drugs, marijuana and methamphetamine, which carried different statutory maximum sentences. A conviction for conspiracy to distribute marijuana carried with it a statutory maximum sentence of ten years for a person in Black's position . See 21 U.S.C. § 841(b)(1)(D). A conviction for a conspiracy involving methamphetamine, however, was subject to a statutory maximum sentence of life imprisonment. 21 U.S.C. § 841(b)(1)(A)(viii). At the heart of Black's claim is his contention that he was wrongly sentenced to life imprisonment under his conspiracy conviction because the general verdict did not show that the jury found him guilty of a conspiracy that had the objective of distributing the drug with the higher sentence.

After Black's trial, the jury returned a general verdict of guilty as to conspiracy to possess with intent to distribute marijuana and methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; four counts of knowingly and intentionally possessing with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1); and knowingly threatening to cause bodily

2

injury to, and damage to the tangible property of, a witness in retaliation for communicating information to law enforcement in violation of 18 U.S.C. § 1513(b)(2). Black was sentenced to four life sentences, 360 months' imprisonment, and 120 months' imprisonment, all to run concurrently. Black's trial counsel neither requested a special verdict at trial nor objected to the imposition of Black's conspiracy sentence based upon a calculation of the quantities of methamphetamine as well as marijuana attributed to him. Black, represented by the same counsel, appealed to this court, contending that the trial court erred in its calculation of the drug quantities attributable to Black under his possession counts, among other issues.[1] None of the issues raised on direct appeal, however, related to the use of a general verdict form, nor did appellate counsel draw to the court's attention the cases of Edwards v. United States, 523 U.S. 511 (1998), and United States v. Riley, 142 F.3d 1254 (11th Cir. 1998), which were decided while the appeal was pending.

---

[1]At sentencing and on direct appeal, Black contended that the court erred in attributing to him 100 grams of methamphetamine. The Presentence Investigation Report calculated that 70.2 grams were involved in Black's actual conduct under the possession counts. The trial judge found other evidence attributing a greater quantity of the drug to be reliable and sentenced Black for possession of more than 100 grams of methamphetamine. At no point during the sentencing hearing or on appeal did counsel object to the attribution of any methamphetamine to Black for the purposes of calculating his sentence under the first count of conspiracy. Black's contention regarding attribution of drug quantities for the possession sentences was resolved on direct appeal.

Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994). A defendant may overcome this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error.[2] Id. In the instant matter, Black essentially contends that his counsel was ineffective in failing to point out two cases, Edwards and Riley, decided after the appeal was filed, but before the appeal was decided that would limit the maximum sentence on the conspiracy count to ten years. In order to prevail on this claim, Black must show that counsel's performance was so deficient that it fell below an objective standard of reasonableness as well as demonstrate that but for the deficient performance, the outcome of the appeal would have been different. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984); Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987)).

---

[2]A procedural default created by a failure to appeal can also be overcome if a defendant can show a fundamental miscarriage of justice, such as actual innocence. Mills, 36 F.3d at 1055 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)). Black, however, has made no such showing.

4

In this collateral attack, the district court held that trial counsel's failure to ask for a special verdict on the dual-object conspiracy count, or object to the inclusion of methamphetamine quantities for calculation of his conspiracy sentence, did not render his assistance to Black ineffective. Further, the district court found that Black did not suffer from ineffective assistance of appellate counsel when counsel did not bring to the attention of the court of appeal two cases decided while Black's direct appeal was still pending. After review, we affirm.

In order to evaluate whether appellate counsel's performance was objectively reasonable , it is important to understand the context in which Black's counsel would have received and understood Edwards and Riley. For Black's counsel, United States v. Dennis, 786 F.2d 1029 (11th Cir. 1986), was the law of the circuit both at the time of trial and as of the date the direct appeal was filed. In Dennis, four defendants were found guilty of a conspiracy "to knowingly, willfully and intentionally distribute and possess with intent to distribute quantities of controlled substances, including heroin, cocaine, marijuana, and talwin," in violation of 21 U.S.C. § 846. Id. at 1032. Each defendant was also convicted of at least one substantive drug offense. Id. Two defendants had asked at trial that the jury return a special verdict specifying the object drugs in the conspiracy, but this

request was denied by the district court judge. Id. at 1037-38. Under the applicable law, the maximum conspiracy sentence for marijuana was five years, while up to fifteen years imprisonment could be imposed for a conspiracy involving heroin or cocaine. Id. at 1038. Defendants received sentences ranging between four and ten years on the conspiracy count. Id.

On appeal, the Dennis defendants contended that the trial court erred in sentencing these defendants as to the conspiracy count in the absence of a special verdict indicating which drugs were found by the jury to have been the object of the conspiracy. Id. at 1033. While we agreed that a trial judge should require a jury to indicate which of the charged drugs were objects of the conspiracy, we held that a failure to do so was not necessarily reversible error. Id. at 1038-39.

> Appellants may not prevail on their claim simply by showing that they were convicted under conspiracy instructions which, on their face, might permit the jury to return a guilty verdict if the conspiracy found did not involve [the higher-penalized drug]. It must also appear that the evidence would support such a construction of the verdict actually obtained.

Id. at 1039. The court found that the evidence showed beyond a reasonable doubt that the conspiracy involved cocaine and heroin and therefore affirmed. Id. at 1040, 1050. Accordingly, under the law of the circuit at the time of trial, and as of the filing of Black's direct appeal, Black's counsel would have understood that the

6

lack of a special verdict was not of itself sufficient to create a successful appellate argument. Instead, Black's counsel would have known that he would be required under <u>Dennis</u> to show not only that the jury instructions could be read to allow jurors to convict Black of a marijuana-only conspiracy, but also that the evidence would support a construction that the jury intended to convict Black of only a marijuana conspiracy, to the exclusion of a construction that would show juror intent to convict Black of a marijuana and methamphetamine conspiracy. The government's evidence here begins with a marijuana transaction with Black, but thereafter all of the evidence dealt with methamphetamine and, therefore, counsel had no serious argument to advance under <u>Dennis</u>. It was with such an understanding of the law of the circuit that Black's counsel would have read and interpreted <u>Edwards</u> and <u>Riley</u>.

Both <u>Edwards</u> and <u>Riley</u> consider the sentencing of a defendant convicted by general verdict of a dual-object drug conspiracy when the sentence imposed does not exceed the penalty for the drug with the lowest maximum sentence. <u>Edwards</u>, 523 U.S. at 515; <u>Riley</u>, 142 F.3d at 1256. In <u>Edwards v. United States</u>, the petitioners were convicted by general verdict of conspiracy to possess cocaine and cocaine base, or crack. 523 U.S. 511, 513 (1998). As a general verdict form was used, the petitioners contended that the district court judge erred in

considering the quantity of both drugs, and not merely cocaine, when imposing a sentence under the Sentencing Guidelines. Id. The Court held that "in the circumstances of this case the judge was authorized to determine for sentencing purposes whether crack, as well as cocaine, was involved in the offense-related activities." Id. The sentence imposed did not exceed the maximum sentence for a cocaine-only conspiracy and the Supreme Court held that it did not matter whether the judge assumed the jury convicted the petitioners of a conspiracy involving only cocaine or both cocaine and crack, because the Sentencing Guidelines instruct a judge to consider all "relevant conduct." Id. at 514, U.S.S.G. § 1B1.3.

After the Supreme Court handed down its decision in Edwards, this court had occasion to consider a similar issue in United States v. Riley, 142 F.3d 1254 (11th Cir. 1998). In Riley, as in Edwards, the petitioners had been convicted by a general verdict for a conspiracy to possess with intent to distribute two drugs, cocaine powder and cocaine base. Id. at 1255. The Riley petitioners, too, were sentenced under the Guidelines on the basis of both forms of cocaine and appealed the district court judge's decision to consider the quantities of both cocaine and crack involved in the conspiracy. Id. at 1256. Citing Edwards, the Riley panel held that "a sentencing judge is not limited to considering the offense of conviction. Rather, the judge may sentence for *both* offense conduct *and* any

other 'relevant conduct.'" Id. at 1256 (internal citations omitted) (emphasis in original).

In Smith v. Singletary, we held that counsel's ignorance of a well-defined legal principle could be inexcusable and demonstrate ineffective performance by counsel. 170 F.3d 1051, 1054 (11th Cir. 1999). If the legal principle at issue is unsettled, however, counsel will not have rendered deficient performance for an error in judgment. Id.; Pitts v. Cook, 923 F.2d 1568, 1573 (11th Cir. 1991) (failing to raise a Batson claim before Batson had been decided did not render counsel's performance deficient). Thus, if a reasonable attorney in appellate counsel's position could have concluded that a given portion of an opinion was *dictum* discussing an unsettled question of law and not binding authority for his case, that attorney's performance will not be deemed deficient for not raising that issue to the court. See Smith v. Singletary, 170 F.3d at 1054. *Dictum* is a term that has been variously defined as a statement that neither constitutes the holding of a case, nor arises from a part of the opinion that is necessary to the holding of the case. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 66-67 (1996); see also U.S. v. Hunter, 172 F.3d 1307, 1310 (11th Cir. 1999) (Carnes, J., concurring) (discussing the difference between binding precedent and dicta and stating that, "[t]he holdings of a prior decision can reach only as far as the facts and circumstances

9

presented to the Court in the case which produced the decision."). While the "relevant conduct" principle is a clear holding of both Edwards and Riley, both cases also consider the hypothetical sentencing of a defendant convicted by general verdict of a dual-object drug conspiracy when the objects of the conspiracy carry differing maximum statutory sentences. Edwards, 523 U.S. at 515; Riley, 142 F.3d at 1256. Accordingly, we must determine if a reasonable attorney in the position of Black's appellate counsel in 1998, while direct appeal was still pending, could have concluded that the hypothetical scenario considered in the two cases was simply *dicta* and did not provide binding authority for Black's case.

In Edwards, after the court held that a sentencing judge may consider all relevant conduct in imposing a sentence under the Guidelines, the Court went on to discuss a factual situation which did not actually exist in Edwards:

> Of course, petitioners' statutory and constitutional claims would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy. That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines. But, as the Government points out, the sentences imposed here were within the statutory limits applicable to a cocaine-only conspiracy, given the quantities of that drug attributed to each petitioner.

523 U.S. at 515 (internal citations omitted). Black points to this hypothetical discussion and argues that a reasonable attorney would have argued to the court of appeals, based upon this passage, that Black's sentence was in error as it exceeded the statutory maximum for a marijuana conspiracy. Notably, however, the language most useful to Black, this discussion of maximum sentences for a dual-object conspiracy, arose in the context of a hypothetical circumstance and not out of the actual facts of the case before the Court. Further, a fair reading of Edwards indicates that the Court's discussion was not necessary to decide the issue presented, as the court had already decided that a sentencing judge was authorized to determine what controlled substances were at issue, and the quantities of those substances, under the Sentencing Guidelines. Id. at 513-14. The subsequent Riley opinion mentioned this same language in Edwards, noting that the Edwards rule did not apply if the amount of one controlled substance would lead to a lower statutory maximum sentence than would occur based upon the amount of the second controlled substance. 142 F.3d at 1256. Here again, though, the language in Riley that supports Black's position did not apply to the facts in Riley and was not necessary to resolve the actual question before the court: sentencing under the Guidelines for two drugs carrying the same statutory maximum sentence. Id.

11

Accordingly, the facts and circumstances of Edwards and Riley are distinct from a situation in which different maximum sentences were in fact implicated. Moreover, the discussion of proper sentencing for multiple-object drug conspiracies involving substances with different statutory maximum sentences was not necessary to the resolution of either Edwards and Riley; removing the relevant passages from the opinions does not change their central holding that judges are free to consider not only offense conduct but also all relevant conduct when sentencing criminals under the Guidelines. Edwards, 523 U.S. at 514; Riley, 142 F.3d at 1256. Further, our opinion in Riley did not mention United States v. Dennis, still the law of this circuit in 1998. Certainly, the panel in Riley would not be able to overturn the opinion of another panel of this court; only the Supreme Court or this court sitting *en banc* could accomplish such a task. See Glazner v. Glazner, 347 F.3d 1212, 1214 (11th Cir. 2003); see also Saxton v. ACF Industries, Inc., 254 F.3d 959, 960 n.1 (11th Cir. 2001). As discussed above, however, a fair reading of Edwards could lead an attorney to believe that the relevant language requiring a special verdict was *dictum*, and the total silence in Riley regarding Dennis certainly would not provide any additional guidance to Black's counsel. Thus, a reasonable attorney could have concluded that Dennis was still the law of the circuit. For all these reasons, Black's appellate counsel, reading these cases in

12

1998, would have very good reason to believe that <u>Edwards</u> and <u>Riley</u> were not binding on the subject matter of Black's appeal but rather consisted in *dicta*.

Subsequently, of course, the Supreme Court appears to have stated that the <u>Edwards</u> discussion of differing statutory maximum sentences was in fact a holding of the case in a footnote to <u>Apprendi v. New Jersey</u>. 530 U.S. 466, 497 n.21 (2000).

> The principal dissent, in addition, treats us to a lengthy disquisition on the benefits of determinate sentencing schemes, and the effect of today's decision on the federal Sentencing Guidelines. The Guidelines are, of course, not before the Court. We therefore express no view on the subject beyond what this Court has already held. <u>See</u>, e.g., <u>Edwards v. United States</u> (noting that "[o]f course, petitioner's statutory and constitutional clams would make a difference if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy. That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines.") (some internal citations omitted).[3]

---

[3]A careful reading of this footnote, however, could lend its support to a different conclusion. It is quite possible that the "holding" in <u>Edwards</u> to which the <u>Apprendi</u> footnote refers is not a holding that sentences cannot exceed the statutory maximum sentence for the lower-sentenced drug, but rather a holding that a maximum sentence set by a statute will trump any contrary provisions provided in the Sentencing Guidelines. Whether the <u>Edwards</u> statements became a holding by virtue of <u>Apprendi</u> is irrelevant, however, to the matter at hand. As an initial matter, the question before us is not whether or not <u>Edwards</u> was binding law, but whether a failure to refer to <u>Edwards</u> in 1998 would render counsel's performance to fall below standards of objective reasonableness. Further, the holding in <u>Allen</u> effectively made the dictum, or holding, of <u>Edwards</u> the law of this circuit. <u>United States v. Allen</u>, 302 F.3d 1260 (11th Cir. 2002).

Further, Apprendi now requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Id. at 490. Moreover, as this court made clear in Allen, the hypothetical position laid out in Edwards and Riley was in fact the law of the circuit. United States v. Allen, 302 F.3d 1260, 1274-75 (11th Cir. 2002).[4] These clarifications and holdings, however, were not handed down until several years after direct appeal was concluded in 1998. The central inquiry, then, must be whether it is objectively reasonable to require Black's counsel to have predicted in 1998 that the language inherent in Edwards and Riley later would be construed as a holding. Given the strong indications from the face of the opinions that the language concerning differing statutory maximum sentences was *dicta*, we find that appellate counsel's performance was not deficient for failing to predict what was not yet a certain holding. Accordingly, we find that Black did not suffer from such deficient performance on the part of his appellate counsel as to fall below the standards of objective reasonableness. As Black cannot show that his appellate

---

[4]In fact, a footnote in Allen describes the factual issue in that case, similar to the facts before us in the present case, to be an issue of first impression. 302 F.3d at 1274 n.42. It is not at all clear, then, that this circuit regarded Edwards and Riley to be binding precedent when Allen was decided in 2002.

14

counsel's performance was deficient, he cannot show that he received such ineffective assistance of counsel as to overcome his procedural default for not raising this issue initially on appeal.

Even if we assume, however, that Black's appellate counsel was ineffective for not arguing that Edwards and Riley required a reduction in sentence, Black has not shown that he was prejudiced by this failure. Black was convicted of four substantive counts of possession with intent to distribute methamphetamine. Further, each of these distribution counts was alleged to be an overt act of the conspiracy. Thus, while Black was convicted of conspiring to distribute drugs by general verdict, the great weight of the evidence shows that the conspiracy involved methamphetamine. Black's jury was advised that it needed to find both methamphetamine and marijuana to convict him of the conspiracy charge and was given a copy of the indictment which explicitly mandated the presence of both controlled substances. Moreover, under the law of the circuit at the time of trial and appeal, in order to show the failure to use a special verdict was reversible error, a defendant had to show not only that he was convicted of a dual-object conspiracy by general verdict, but also that the evidence would only support a conviction under the controlled substance with the lower statutory maximum

sentence.  <u>United States v. Dennis</u>, 786 F.2d 1029, 1039 (11th Cir. 1986).[5]  As evidenced by the convictions for possession with intent to distribute methamphetamine, Black would not be able to show that the evidence would not support a conviction for conspiracy to distribute methamphetamine.  <u>Cf.</u> <u>id.</u> at 1040.  Accordingly, Black did not suffer prejudice from his attorney's failure to address <u>Edwards</u> and <u>Riley</u> on appeal.

For all the reasons set forth above, the judgment of the district court is AFFIRMED.

---

[5]As noted above, Black also alleges that trial counsel was ineffective at trial for failing to request a special verdict form.  However, there is no question that neither <u>Edwards</u> nor <u>Riley</u> was available at the time of trial.  Further, the law of the circuit at the time of trial was <u>United States v. Dennis</u>, 786 F.2d 1029, 1039 (11th Cir. 1986), which did instruct judges to employ special verdict forms but explicitly noted that the failure to do so would only be considered prejudicial if there was insufficient evidence to convict the defendant of the underlying substantive crime. Here, Black was convicted of possession with intent to distribute methamphetamine, the underlying substantive crime, so the failure to request a special verdict form would not have constituted reversible error.  Additionally, the jury instructions and indictment provided sufficient instruction to the jury that they were required to find a conspiracy based upon both drugs.