[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 28, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-12506
Non-Argument Calendar

_____

D. C. Docket No. 05-00116-CR-3-RV

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

QUOC CONG LE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(December 28, 2006)**

Before TJOFLAT, BARKETT  and HULL, Circuit Judges.

PER CURIAM:

Quoc Cong Le appeals his 96-month sentence for conspiracy to distribute

and possess with intent to distribute cocaine and 3,4-Methylenedioxy-methamphetamine ("MDMA"), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii) and (C). Specifically, Le argues that the district court erred in rejecting his request for a minor-role reduction under U.S.S.G. § 3B1.2.

Following the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court must still "consult the Guidelines and correctly calculate the range provided by the Guidelines." United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). In making this calculation, the district court's finding concerning the defendant's role in the offense is a finding of fact that we review for clear error upon appeal. United States v. De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant bears the burden of proving his minor role by a preponderance of the evidence. United States v. Boyd, 291 F.3d 1274, 1277 (11th Cir. 2002).

According to U.S.S.G. § 3B1.2, a district court is to decrease a defendant's offense level by two levels if it finds that the defendant was a "minor participant" in the criminal activity. A "minor participant" is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." Id. at cmt. n.5.

In determining whether a minor-role reduction is warranted, we require the

2

district court to "assess whether the defendant is a minor . . . participant in relation to the relevant conduct attributed to the defendant in calculating [his] base offense level." De Varon, 175 F.3d at 941. The purpose of this limitation is to prevent the defendant from arguing that he deserved a reduction because he played a minor role in the larger criminal conspiracy of which he was convicted. See id. at 944. However, there is also the possibility that the conduct attributed to the defendant for purposes of calculating his base offense level may be less serious than his actual participation. Id. at 941. Accordingly, "[w]here [the defendant's] actual conduct is more serious than [his] base offense level suggests, a defendant will not be able to meet this burden." Id. This rule follows from the Sentencing Guidelines' acknowledgment that

> If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role . . . ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.

U.S.S.G. § 3B1.2 cmt. n. 3(B).

In the course of making the above inquiry, the district court may consider reliable hearsay evidence, especially where the defendant has had the opportunity to rebut the evidence or generally cast doubt upon its reliability. United States v. Cantellano, 430 F.3d 1142, 1146 (11th Cir. 2005), cert. denied, 126 S.Ct. 1604

3

(2006); see United States v. Castellanos, 904 F.2d 1490, 1496 (11th Cir.1990). Such hearsay is not made unreliable simply by virtue of the source's "cooperation with the Government[.]" United States v. Riley, 142 F.3d 1254, 1258 (11th Cir. 1998).

After careful review of the record and the arguments on appeal, we find no reversible error. The conduct on which the district court calculated Le's base offense level included conspiring to distribute 6,000 tablets of MDMA and 30 pounds of marijuana. Specifically, Le provided a safe house for the delivery and repackaging of these drugs. However, the evidence demonstrates that Le's participation was actually broader than this conduct. This evidence includes a recorded conversation between Le and a co-conspirator in which Le was instructed to distribute 20 units of cocaine, a co-conspirator's statement that he bought an additional 5,000 tablets of MDMA from Le, a co-conspirator's statement that Le distributed 4.5 ounces of cocaine, a recorded conversation in which Le asked a co-conspirator if he had "some stuff on [him]" and asked the co-conspirator to "bring [him] two," and a recorded conversation in which a co-conspirator asked Le to hand over his drug money. Based on this evidence, it is apparent that Le actually participated in the conspiracy by directly distributing drugs. Accordingly, the district court did not err in finding that Le was not entitled to a minor-role

reduction.  See De Varon, 175 F.3d at 944; U.S.S.G. § 3B1.2 cmt. n. 3(B).

Furthermore, the district court's use of hearsay evidence based on statements from

cooperating witnesses in making this finding was not improper.  See Cantellano,

430 F.3d at 1146; Riley, 142 F.3d at 1258.  These co-conspirators' statements were

made against their own interest, and Le was given the opportunity to rebut the

statements.  See Castellanos, 904 F.2d at 1496.

**AFFIRMED.**