[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 31, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14144
Non-Argument Calendar

_____

D. C. Docket No. 04-00194-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS DEON WILLIAMS,
a.k.a. Bodacious,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(January 31, 2007)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Carlos Deon Williams appeals his 96-month sentence, which was a 159

percent upward variance from the high-end of the guideline range, imposed after remand, for being a felon in possession of a firearm, in violation of 18 U.S.C. § 924(g)(1). In Williams's first appeal, we held that the district court erred in cross-referencing the offense of aggravated assault in determining the applicable offense level for Williams's offense because the assault was not relevant conduct under U.S.S.G. § 1B1.3(a)(2).

On appeal after remand, Williams argues that (1) the district court did not meaningfully consider the correctly calculated guideline range because it imposed the same sentence on remand that it had applied initially; (2) the district court essentially sentenced Williams for the aggravated assault again, even though it was contrary our decision in Williams's first appeal; (3) his 96-month sentence does not promote respect for the law; and (4) the district court erroneously relied on facts from the presentence investigation report "PSI" stating that Williams had attempted to evade police, which were added to the PSI just after the deadline for filing objections had passed.

We have held that "[i]n reviewing the ultimate sentence imposed by the district court for reasonableness, we consider the final sentence, in its entirety, in light of the § 3553(a) factors." United States v. Martin, 455 F.3d 1227, 1237 (11th Cir. 2006) (brackets in original) (citation omitted). In determining whether a

sentence is reasonable, the district court should be guided by the § 3553(a) factors. United States v. Booker, 543 U.S. 220, 261, 125 S.Ct. 738, 765-66, 160 L.Ed.2d 621 (2005); United States v. Winingear, 422 F.3d 1241, 1246 (11th Cir. 2005). Section 3553(a) provides that district courts must consider, inter alia, (1) the applicable guideline range; (2) the nature and circumstances of the offense; (3) the history and characteristics of the defendant; (4) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (5) the need for adequate deterrence; (6) protection of the public; and (7) the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(6).  The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Here, Williams's sentence, which was a 59-month upward variance from the guideline range, was not unreasonable because the district court (1) explicitly considered many of the 18 U.S.C. § 3553(a) factors; (2) found that the guideline range was inadequate because it did not adequately reflect the seriousness of Williams's crime, his history and characteristics, and the need to provide adequate deterrence and promote respect for the law; and (3) imposed a sentence below the

statutory maximum. Moreover, the district court did not improperly rely on the fact that Williams committed an aggravated assault four days before the instant offense because that crime was relevant to his history and characteristics. Contrary to Williams's argument, nothing in our opinion on the prior appeal precluded the district court's consideration of the aggravated assault. In addition, Williams's claim, that his sentence promotes disrespect for the law, is without merit. The record reflects that Williams was convicted of the same offense in 2000, for which he was sentenced to 40 months' imprisonment, and, while on supervised release, he committed the instant offense.

Finally, although Williams claims that he never admitted that he attempted to elude police when he was apprehended for the instant charge, the record reflects that, at Williams's first sentencing hearing, the district court specifically noted that Williams had attempted to elude police, and Williams did not object. Further, at Williams's second sentencing hearing, he acknowledged that the information about his attempt to evade arrest came from a police report that was available during initial discovery and was "nothing new." Therefore, the district court did not err in making the factual finding that Williams had attempted to evade police because the information was sufficiently reliable, as Williams admitted that it derived from a police report, and he did not object at his first sentencing hearing when the court

4

stated that he had attempted to evade arrest. <u>See</u> U.S.S.G. § 6A1.3(a); <u>United States v. Riley</u>, 142 F.3d 1254, 1258 (11th Cir. 1998) (holding that the sentencing court may consider any information with sufficient reliability).

Accordingly, upon review of the record on appeal and consideration of the parties' briefs, we discern no reversible error.

**AFFIRMED.**