[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12908
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 9, 2012
JOHN LEY
CLERK

D.C. Docket No. 2:08-cv-00895-MHT-SRW

WILLIAM GEOFFERY DOBBINS,

Plaintiff-Appellee,

versus

J.C. GILES,

Defendant,

LEWIS HULETT,
Lt. Officer,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(January 9, 2012)

Before TJOFLAT, EDMONDSON and MARCUS, Circuit Judges.

PER CURIAM:

Officer Lewis Hulett appeals the district court's denial of his motion for summary judgment based on qualified immunity in a 42 U.S.C. § 1983 lawsuit alleging that he used excessive force against a state inmate, William Dobbins, in violation of the Eighth Amendment. He argues that Dobbins failed to allege a constitutional violation and that, even if he did, it was not a violation of clearly established law.

We review <u>de novo</u> a district court's denial of a motion for summary judgment based on qualified immunity. <u>Roberts v. Spielman</u>, 643 F.3d 899, 902 (11th Cir. 2011). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A district court must view the evidence and all reasonable inferences therefrom, to the extent supported by the record, "in the light most favorable to the nonmovant." <u>Jean-Baptiste v. Gutierrez</u>, 627 F.3d 816, 820 (11th Cir. 2010). If an inmate submits a sworn complaint, the factual allegations therein are sufficient for summary judgment purposes, and he need not file a separate affidavit. <u>Sammons v. Taylor</u>, 967 F.2d 1533, 1544 n.5 (11th Cir. 1992).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or

2

constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." Ashcroft v. al-Kidd, ___ U.S. ___, 131 S. Ct. 2074, 2080 (2011) (internal quotation marks omitted). Courts may address these prongs in either order. Id.

The Eighth Amendment proscribes the infliction of cruel and unusual punishments. U.S. Const. amend. VIII. The Supreme Court has made clear that this proscription governs prison officials' use of force against inmates. Whitley v. Albers, 475 U.S. 312, 327 (1986). The core judicial inquiry in determining whether a prison official's use of force was excessive is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Relevant factors in this inquiry include "the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted." Whitley, 475 U.S. at 321 (internal quotation marks omitted).

"The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Id. at 9. However, "[t]he Eighth Amendment's prohibition of cruel and unusual

punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 9-10 (internal quotation marks omitted).

After thorough review, we affirm. In Skrtich v. Thornton, 280 F.3d 1295 (11th Cir. 2002), we considered a § 1983 suit by a prisoner who alleged an excessive force claim against corrections officers. We concluded, under the facts of that case, that "a defense of qualified immunity is not available in cases alleging excessive force in violation of the Eighth Amendment, because the use of force maliciously and sadistically to cause harm is clearly established to be a violation of the Constitution by the Supreme Court decisions in Hudson and Whitley." Skrtich, 280 F.3d at 1301 (internal quotation marks omitted). Thus, when a plaintiff making an excessive force claim "has alleged facts sufficient to survive a motion to dismiss or a motion for summary judgment" demonstrating that the officer used force maliciously and sadistically to cause harm, he has necessarily established the two prongs required to defeat a defense of qualified immunity. Id.

Here, Dobbins alleged, and tendered proof in the form of his verified complaint, that Officer Hulett struck and slapped him for no reason after he expressed an inability to transfer from his bed to his wheelchair. In particular, Dobbins alleged that on the evening of November 2, 2008, between six and eight officers came to a

4

room where he was laying on a bed to "shake down" the inmates in that room. Hulett approached Dobbins' bed and told him to get up. Dobbins responded that he was unable to rise because he was wheelchair-bound and had "a boil on his butt," which made sitting down painful. Hulett found pencil lead in Dobbins's drawer and threw it in his face, swore at Dobbins, and told all the other inmates to leave the room. According to the complaint, Hulett then struck Dobbins between the eyes with his fist and slapped Dobbins in the face.

Taking Dobbins' version of the facts as true, as we must for present purposes, Hulett's use of force was wanton and unnecessary. To the extent that the evidence showed that there was no need for force, Dobbins pleaded and tendered sufficient facts to support an excessive force claim.[1] Accordingly, the district court did not err in denying Hulett qualified immunity. See Skrtich, 280 F.3d at 1301.[2]

**AFFIRMED.**

---

[1] Although Dobbins does not allege the extent of his physical injuries, the Supreme Court has made clear that the "core judicial inquiry" is not the extent of the injury, but rather the nature of the force, and whether it was applied "maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.

[2] Additionally, we reject Hulett's invitation to overrule Skrtich because "only the Supreme Court or this [C]ourt sitting en banc could accomplish such a task." Black v. United States, 373 F.3d 1140, 1145 (11th Cir. 2004).