[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-14095
Non-Argument Calendar
_____

D.C. Docket Nos. 7:08-cv-90033-HL-TQL; 7:00-cr-00012-HL-MSH-6

KEITH V. HARNED,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(February 27, 2013)

ON PETITION FOR REHEARING

Before PRYOR and JORDAN, Circuit Judges.[1]

PER CURIAM:

We grant the petition for panel rehearing filed by Keith Harned, vacate our original opinion issued on December 31, 2012, and substitute the following opinion to reflect that it is rendered by a quorum of the panel. To the extent that Harned requests we reexamine our original decision, Harned's petition is **DENIED**.

Keith Harned appeals pro se the denial of his motion to vacate his sentence of 210 months of imprisonment for conspiracy to launder monetary instruments. 28 U.S.C. § 2255. Based on his involvement in a Ponzi scheme to sell promissory notes with no source of income other than the investors' funds, a jury convicted Harned of numerous crimes including conspiring to launder monetary instruments that were derived from unlawful activity, 18 U.S.C. § 1956(a)(1)(A)(i), and that exceeded $10,000, id. § 1957. The jury returned a general verdict of guilty as to the conspiracy, and later the district court found that the object of the conspiracy was to launder monetary instruments that were derived from unlawful activity, id. § 1956(a)(1)(A)(i), and sentenced Harned to 210 months of imprisonment. Harned argues that trial counsel was ineffective for failing to request that the jury return a

---

[1] In response to the petition for rehearing filed by Keith Harned, Judge Beverly B. Martin recused herself from consideration of this appeal. Because the remaining members of the panel are in agreement, this appeal is decided by a quorum. See 28 U.S.C. § 46.

2

special verdict identifying the object of the conspiracy.  Because Harned cannot prove that his counsel acted deficiently given the law of this Circuit at the time of his trial or that he was prejudiced by counsel's performance, we affirm.

We review de novo the denial of a claim of ineffective assistance of counsel. Chandler v. United States, 218 F.3d 1305, 1312 (11th Cir. 2000) (en banc).  To prevail on a claim of ineffective assistance of counsel, a defendant must prove that his counsel's performance was deficient and that he was prejudiced as a result of that deficiency.  Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).  To avoid the "distorting effects of hindsight," we evaluate counsel's performance based on his "perspective at the time," id. at 689, 104 S. Ct. at 2065, to determine whether a reasonable attorney would have taken the same action, Chandler, 218 F.3d at 1315.  Under that standard, counsel may be deemed deficient for failing to pursue issues involving well-defined legal principles, but "if a reasonable attorney in . . . counsel's position could have concluded that a given portion of an opinion was dictum discussing an unsettled question of law and not binding authority for his case, that attorney's performance will not be deemed deficient for not raising that issue to the court."  Black v. United States, 373 F.3d 1140, 1144 (11th Cir. 2004).  Ultimately, a defendant cannot prevail unless he also can prove that "there is a reasonable probability that, but for counsel's

3

unprofessional errors, the result of [his trial] would have been different."
Strickland, 466 U.S at 694, 104 S. Ct. at 2068.

Harned cannot prove that his trial counsel performed deficiently. This issue is controlled by our decision in Black v. United States, where we rejected the argument that appellate counsel should have predicted that his client had a right to a special verdict when the caselaw on the subject was unsettled. 373 F.3d at 1142–46. As in Black, the law at the time of Harned's trial, United States v. Dennis, 786 F.2d 1029 (11th Cir. 1986), provided that the failure to use a special verdict form in a dual object drug conspiracy was reversible error only if the jury instructions and the evidence supported solely a conviction for the drug with the lower penalty. Id. at 1039–40; see United States v. Shenberg, 89 F.3d 1461, 1472 (11th Cir. 1996) (holding that "the district court acted within its discretion in denying appellants' request for a special verdict on the RICO conspiracy count"); see also United States v. Hernandez, 141 F.3d 1042, 1051 & n.2 (11th Cir. 1998) (rejecting Hernandez's argument that the district court should have obtained a special verdict identifying the object of his conspiracy to commit conspiracy and arson). Harned's counsel reasonably could have concluded that Dennis was unaffected by the decisions of the Supreme Court in Edwards v. United States, 523 U.S. 511, 118 S. Ct. 1475 (1998), and this Court in United States v. Riley, 142 F.3d 1254 (11th Cir. 1998). Edwards and Riley held that, when a jury returns a general verdict of guilty

4

as to a conspiracy to possess cocaine and crack, the district court is allowed at sentencing to consider as relevant conduct the quantities of both drugs in imposing a sentence under the Sentencing Guidelines so long as the sentence does not exceed the penalty for the drug with the lowest maximum sentence. 523 U.S. at 513–14, 118 S. Ct. at 1477; 142 F.3d at 1256. Although the opinions in Edwards and Riley speculated that the outcome might have differed had the defendants received a sentence above the maximum statutory penalty for their cocaine offenses, Edwards, 523 U.S. at 515, 118 S. Ct. at 1477; Riley, 142 F.3d at 1256, "a fair reading of Edwards could [have] le[d] an attorney to believe that the relevant language requiring a special verdict was dictum." Black, 373 F.3d at 1145. After reading Riley, which did not mention Dennis, Harned's counsel reasonably could have concluded that Dennis remained the law in the Eleventh Circuit and that Harned was not entitled to a special verdict. Black, 373 F.3d at 1145.

Counsel also reasonably could have concluded that Dennis remained the law of the Circuit after the Supreme Court issued its decision in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). As we explained in Black, counsel could have read the "'holding' in Edwards to which the [Court in] Apprendi . . . refer[red] [in footnote 21] [as] not a holding that sentences cannot exceed the statutory maximum sentence for the lower-sentenced drug, but rather [as] a holding that a maximum sentence set by a statute will trump any contrary provisions

5

provided in the Sentencing Guidelines." Black, 373 F.3d at 1146 n.3. Counsel reasonably could have concluded that there was no serious argument to advance in Harned's favor until we issued United States v. Allen, 302 F.3d 1260 (11th Cir. 2002), which held, "as an issue of first impression in this Circuit," that if the objects in a dual drug conspiracy have different statutory maximum penalties, the jury must return a special verdict identifying the object of the conspiracy. Id. at 1275–76. We did not issue Allen until approximately seven months after Harned's conviction.

Harned argues that appellate counsel should have sought relief based on Allen, but we decline to review an argument raised for the first time in a reply brief to which the government has not had an opportunity to respond. See United States v. Jernigan, 341 F.3d 1273, 1284 n.8 (11th Cir. 2003). We cannot say that Harned's trial counsel was ineffective for failing to forecast a change in the law.

Even if we were to assume that Harned's trial counsel was deficient for failing to request a special verdict, Harned could not establish a reasonable probability that the outcome of his trial would have been different had the jury used a special verdict form. We held on direct appeal that there was sufficient evidence to support Harned's conviction for conspiring to launder monetary instruments under section 1956(a)(1)(A)(i), United States v. Cawthon, No. 02-12360, slip op. at 12 (11th Cir. Aug. 6, 2003); United States v. Lindsey, No. 04-

6

10111, slip op. at 12 (11th Cir. Oct. 13, 2006), which has a higher statutory maximum sentence than section 1957.  Furthermore, we held that, although the district court erred by enhancing Harned's sentence based on facts not found by a jury, that error was harmless because it did not affect Harned's substantial rights. Lindsey, slip op. at 18.  The district court determined Harned's sentence based on the statutory sentencing factors, 18 U.S.C. § 3553.

We **AFFIRM** the denial of Harned's motion to vacate.