[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15569
Non-Argument Calendar
_____

D.C. Docket Nos. 4:14-cv-0114-HLM-WEJ,
4:11-cr-00006-HLM-WEJ-1

RANDALL SCOTT ANDERSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 2, 2015)

Before TJOFLAT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Randall Scott Anderson appeals the denial of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. We granted Anderson a certificate of appealability on two issues:

1.    Whether Mr. Anderson's trial counsel's mishandling of argument and evidence regarding his HIV status and disclosure constituted ineffective assistance resulting in a higher sentence.

2.    Whether Mr. Anderson's counsel rendered ineffective assistance on direct appeal by failing to argue sufficiently the impact on sentencing of the HIV information.

I.

We review an ineffective-assistance-of-counsel claim *de novo* as a mixed question of law and fact. *Payne v. United States*, 566 F.3d 1276, 1277 (11th Cir. 2009). We review the district court's factual findings for clear error. *Murphy v. United States*, 634 F.3d 1303, 1306 (11th Cir. 2011).

To demonstrate ineffective assistance of counsel, the petitioner must show that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that the proceeding's result would have been different, but for his counsel's ineffective assistance. *Chandler v. United States*, 218 F.3d 1305, 1312-13 (11th Cir. 2000) (*en banc*). A court is not required to consider the performance component of the ineffective-assistance test before the prejudice component, nor is it required to examine both components of the ineffective-assistance test if the defendant fails to

2

show that he received objectively unreasonable representation or fails to show that he suffered prejudice. *Strickland v. Washington*, 466 U.S. 668, 697, 104 S. Ct. 2052, 2069, 80 L. Ed. 2d. 674 (1984). We engage in a "highly deferential" review of counsel's performance. *Chandler*, 218 F.3d at 1314. We presume that a petitioner's counsel acted competently, and the petitioner must prove that his attorney's representation was unreasonable under prevailing professional norms. *Id* at 1314 n.15. "[A] petitioner must establish that no competent counsel would have taken the action that his counsel did take." *Id.* at 1315.

Counsel does not have an absolute duty to investigate particular facts or certain defenses. *Id.* at 1317. Counsel is not required to present all of the mitigating evidence in the defendant's favor, because effective advocacy "requires winnowing out some arguments, witnesses, [and] evidence . . . to stress others." *Id.* at 1319 (internal quotation omitted).

At sentencing, the district court is permitted to consider any information with sufficient indicia of reliability, so long as the court makes explicit findings of credibility and the defendant is given an opportunity to rebut the evidence. *United States v. Ghertler*, 605 F.3d 1256, 1269 (11th Cir. 2010). "A defendant has a due process right, however, not to be sentenced based on false or unreliable information." *Id.* To prove a due process violation based on the court's consideration of false or unreliable information, a defendant must demonstrate that

3

the evidence is "materially false or unreliable," and that the district court actually used that information as the basis for the sentence. *Id.* The defendant must show that the court explicitly relied on the false or unreliable information. *Id.* In *United States v. Lebowitz*, we determined that Lebowitz's HIV status was relevant to his offense of attempting to entice a child to engage in unlawful sexual activity because "clandestine exposure of his minor victims to even a minimal risk of HIV infection was a circumstance of his offense conduct." 676 F.3d 1000, 1006, 1016 (11th Cir. 2012).

Anderson has not shown that his sentencing counsel provided deficient representation by failing to rebut the Government's statement that he never disclosed his HIV status to an undercover officer because the Government did not provide false information to the court when it said that Anderson withheld his HIV status from the undercover officer during their communications. Anderson never claimed that he affirmatively communicated his HIV status to the undercover officer, and the Government's argument relied on a factual assertion that he withheld his HIV status by not affirmatively communicating it. Because the Government did not provide materially false or unreliable information, Anderson's sentencing counsel did not render ineffective assistance by failing to counter the alleged due process violation, because a competent attorney could have chosen to focus on other arguments for a lower sentence rather than questioning the

4

Government's interpretation of the conversations between Anderson and the undercover officer.  *See Chandler*, 218 F.3d at 1319 (acknowledging that competent counsel can choose not to present all mitigating information in order to emphasize particular information).

Anderson also has not shown that he was prejudiced by his counsels' failure to object to the Government's claim that he carried an "extremely communicable" disease or their failure to present evidence to show the minimal risk of HIV transmission.  The district court enunciated several other aggravating factors that justified Anderson's within-guidelines imprisonment sentence.  Furthermore, the district court did not indicate clearly that it considered whether Anderson's HIV was highly communicable, because it only stated that Anderson was HIV-positive and that any sexual act with the potential victims would have endangered them.  Finally, the district court still could have considered evidence that Anderson was extremely unlikely to transmit HIV as evidence of an aggravating factor.  *See Lebowitz*, 676 F.3d at 1016.  Therefore, we affirm the district court's denials of Anderson's ineffective-assistance-of-sentencing-counsel claims.

## II.

A petitioner raising an ineffective-assistance claim relating to the performance of appellate counsel must show that (1) the counsel's performance fell

5

below an objective standard of reasonableness, and (2) the outcome of his appeal would have been different, but for the unreasonably deficient performance. *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). An attorney is not required to raise all non-frivolous issues on appeal. *Payne*, 566 F.3d at 1277. An appellate attorney may render objectively unreasonable performance by ignoring a well-defined legal principle, but an error in judgment concerning an unsettled principle generally will not be considered deficient performance. *Black*, 373 F.3d at 1144.

Anderson has not demonstrated that he received ineffective assistance from his appellate counsel because there was not a reasonable probability that the evidence presented during his § 2255 proceedings would have changed our conclusion on direct appeal that the district court committed no error by considering Anderson's HIV status as an aggravating factor. Anderson's claim on direct appeal that the district court erred by considering his HIV status as an aggravating factor was foreclosed by prior precedent. Moreover, Anderson's brief on direct appeal argued that the district court issued an unreasonable sentence because it had no evidence to show that Anderson's intended sexual activity would have endangered the minors, and we rejected his claim on Eighth Amendment and substantive reasonableness grounds. Anderson argues that his appellate counsel could have distinguished his case from *Lebowitz*, but any error in judgment

regarding an unsettled principle of law does not demonstrate that his appellate counsel rendered deficient performance.  Because Anderson has not shown that there was a reasonable probability of a different result if his attorneys had presented evidence about the unlikelihood of HIV transmission on direct appeal, we affirm the district court's denial of his claim based on ineffective assistance of appellate counsel.

Therefore, we affirm the district court's denial of Anderson's § 2255 motion to vacate.

**AFFIRMED.**