Robert Dewey GLOCK, Petitioner–
Appellant,

v.

Harry K. SINGLETARY, Respondent–
Appellee.

No. 91–3528.

United States Court of Appeals,
Eleventh Circuit.

May 15, 1996.

Rehearing and Suggestion for Rehearing
En Banc Denied July 18, 1996.

Martin J. McClain, Chief Assistant Capital Collateral Representative, Gail E. Anderson, Office of the Capital Collateral Representative, Tallahassee, Florida, for Appellant.

Robert J. Landry, Assistant Attorney General, Department of Legal Affairs, Tampa, Florida, for Appellee.

Before TJOFLAT, Chief Judge, and KRAVITCH and HATCHETT, Circuit Judges.

PER CURIAM:

In *Glock v. Singletary,* 36 F.3d 1014 (11th Cir.1994), we rejected petitioner's constitutional attacks on his first degree murder conviction but directed that the writ issue with respect to his sentence, concluding that under *Espinosa v. Florida,* 505 U.S. 1079, 112 S.Ct. 2926, 120 L.Ed.2d 854 (1992), petitioner was entitled to a new sentencing proceeding. The en banc court disagreed with our conclusion, finding that petitioner's *Espinosa* claim was barred by the nonretroactivity principle of *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). We now address petitioner's remaining attacks on his capital sentence.

Petitioner claims that his sentence should be set aside because (1) the trial court refused to sever his sentencing proceeding from his co-defendant's, thereby depriving him of individualized sentencing;[1] (2) the trial court failed to find three non-statutory mitigating circumstances; (3) the trial court's charge to the jury shifted to petitioner the burden of proof on the appropriateness of the death sentence; (4) the trial court's charge to the jury "diluted" the jury's sense of responsibility for the sentence petitioner would receive; and (5) petitioner's attorney rendered ineffective assistance of counsel in failing to discover through routine investigation mitigating evidence and to present that evidence

---

1. All of petitioner's claims are brought under the Eighth and Fourteenth Amendments.

at the separate sentencing proceedings before the jury and the court.

We find no merit in the first four claims and therefore affirm the district court's denial of relief thereon. Petitioner's fifth claim has heretofore been resolved on the record, without an evidentiary hearing. The district court, echoing the Florida courts, *Glock v. Dugger*, 537 So.2d 99 (Fla.1989), rejected this claim as meritless on its face. *See Glock,* 36 F.3d at 1020. We conclude that the claim is not meritless on its face; hence, an evidentiary hearing must be held to resolve the historical facts concerning counsel's performance and the mitigating evidence that petitioner contends should have been presented.

We therefore remand the case for an evidentiary hearing, and findings of fact and conclusions of law, on petitioner's ineffective assistance of counsel claim.

SO ORDERED.