[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14116
Non-Argument Calendar

_____

D.C. Docket No. 04-00020-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORY LAMONT CARROLL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(June 6, 2005)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Appellant pled guilty to possession of a firearm by a convicted felon, a

violation of 18 U.S.C. § 922(g)(1), and the court sentenced him to prison for a

term of 70 months.  He now appeals his sentence, contending that Blakely v.

<u>Washington</u>, 542 U.S. ___, 124 S.Ct. 2531 (2004), and the Sixth Amendment precluded the district court from enhancing his offense level based on a fact that he did not admit as true.  In <u>United States v. Booker</u>, 543 U.S. ___, 125 S.Ct. 738, (2005), the Supreme Court made <u>Blakely</u>'s rationale applicable to the Sentencing Guidelines.

The presentence report (PSI) set appellant's base offense level at 20 pursuant to U.S.S.G. § 2K2.1(a)(4), and, based on information provided by the ATF—that the firearm appellant possessed had been stolen—the report added two points to the base offense level pursuant to U.S.S.G. § 2K2.1(b)(4).  Citing <u>Blakely</u>, appellant objected to this upward adjustment on the ground that he had not admitted, and would not admit, that the firearm was stolen.  The ADDENDUM to the PSI noted the objection.  Appellant repeated his <u>Blakely</u> objection at the sentencing hearing,   Record, Vol. 2 at 2, and the court noted that he had "preserved [the objection] for appeal."  <u>Id.</u> At 3.

United States v. Davis, 2005 WL 1033422 (11th Cir. (Ga.)), teaches that "we [must] reverse [the defendant's sentence] and remand [the case for resentencing] unless the Government can demonstrate that the error was harmless beyond a reasonable doubt . . . that the error complained of did not contribute to the sentence."  <u>Id.</u>  In this case, the Guidelines sentence range–-including the

challenged two-level upward adjustment—called for a term of imprisonment of 63 to 78 months; appellant's sentence falls one month below the midpoint of this range. The sentencing transcript informs us that the Blakely/Booker error did not contribute to the sentence in this case. After taking appellant's considerable criminal history into account, the court stated: "I have imposed the sentence because I do believe, under all the facts and the history, this whole situation, that this meets the sentence objective of punishment, deterrence and incapacitation." Record, Vol. 2 at 12. Although the court did not cite 18 U.S.C. § 3553(a)(2), its sentence reflected the sentencing purposes § 3553(a)(2) sets forth, i.e., the very sentencing purposes the court would have to consider anew if we vacated appellant's sentence and remanded the case for resentencing.

**AFFIRMED.**