[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-10111
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 00-00012-CR-003-WDO-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WAYNE R. LINDSEY,
BENJAMIN F. LINDSEY,
JOHN L. PERRY,
KEITH V. HARNED,
DAVID A. CAWTHON,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Georgia

_____

**(October 13, 2006)**

Before TJOFLAT, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Wayne Lindsey, Benjamin Lindsey, John Perry, Keith Harned, and David

Cawthon, federal prisoners convicted of various offenses related to the operation of an illegal Ponzi scheme, appeal their sentences of 210 months of imprisonment. After a thorough review of the record and the contentions of the parties, we **AFFIRM**.

## I. BACKGROUND

On 16 May 2000, Wayne Lindsey, Benjamin Lindsey, Perry, Harned, and Cawthon (collectively, the "defendants"),[1] along with five other codefendants, were indicted by a federal grand jury for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and securities fraud in violation of 15 U.S.C. § 77q(a)(1) ("Counts 1 through 51"). The defendants were also charged with conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h) ("Count 52"). The charges in the indictment stemmed from the defendants' participation in a Ponzi scheme in which they allegedly sold promissory notes with no source of income other than the investors' funds. The indictment alleged that, after collecting funds from investors, the defendants would facilitate the deposit of these funds into bank accounts controlled by coconspirators. The deposited funds would then be used to further the operation of

---

[1] Perry is proceeding pro se on appeal; Wayne Lindsey, Benjamin Lindsey, Harned, and Cawthon are proceeding through counsel.

the Ponzi scheme and for the personal enjoyment of the defendants.

After a jury trial, Wayne Lindsey, Benjamin Lindsey, and Perry were found guilty of Counts 1 through 52. Harned was convicted of Counts 1 through 6 and Counts 33 through 52. Cawthon was found guilty of Count 1 and Counts 32 through 52. In preparation for sentencing, a presentence investigation report ("PSI") was compiled for each defendant. Pursuant to U.S.S.G. § 3D1.2, the PSIs grouped together all applicable convictions on Counts 1 though 51 (the "fraud counts") and placed Count 52 (the "money laundering count") in its own category for determining the applicable offense levels for each defendant. Consequently, pursuant to U.S.S.G. § 3D1.3(b), the PSIs applied thtwo groups, which for each defendant was the offense level connected with the money laundering charge in Count 52. After determining the base offense level and making enhancements for the amount of loss, the defendant's leadership role in the conspiracy, and the vulnerability of the victims because of their age, the PSIs recommended a sentencing range of 210 to 262 months for each defendant.

Wayne Lindsey, Benjamin Lindsey, Perry and Harned were originally sentenced on 4 April 2002. At their joint sentencing hearing, the defendants raised objections to the applicability of various sentence enhancements and to the district court's failure to group the money laundering count with the fraud counts. The

defendants did not object to the district court's failure to conduct individual sentencing hearings for each defendant, nor did they object on constitutional grounds to the enhancement of their sentences based on the use of the United States Sentencing Guidelines ("Guidelines"). Cawthon was originally sentenced on 25 April 2002. Like the other convicted coconspirators, Cawthon objected to the applicability of the Guidelines enhancements in his case, but did not object on constitutional grounds. Ultimately, the district court sentenced all the defendants to 60 months of imprisonment on the fraud counts for which they were convicted and 210 months of imprisonment for the money laundering count, to be served concurrently. In addition, each defendant was sentenced to 3 years of supervised release and was ordered to pay $2,157,766.06 in restitution. At the end of the sentencing hearings, after imposing their sentences, the district court offered the defendants an opportunity to raise any objections that had not already been raised, and none of the defendants raised any new objections.

The defendants then appealed their convictions and sentences to our court. In an unpublished opinion, our court listed the issues in the direct appeal as follows:

> (1) whether there was sufficient evidence to support the convictions;
> (2) whether the district court permitted inadmissible evidence;
> (3) whether the district court improperly limited defendants in the presentation of their defense; (4) whether the district court properly

4

sentenced defendants according to the guidelines; (5) whether the prosecutor's closing argument was proper; [and] (6) whether the district court erred in failing to appoint counsel for [Wayne and] Benjamin Lindsey.

United States v. Cawthon, No. 02-12360 at 2 (11th Cir. Aug. 6, 2003) (per curiam). Our court affirmed the convictions, concluding, inter alia, that the evidence was "more than sufficient to allow a reasonable jury to conclude that defendants had knowledge of the illegal Ponzi scheme." Id. at 12. However, our Court vacated the defendants' sentences because the district court plainly erred by failing to specifically determine beyond a reasonable doubt the object of the defendants' conspiracy, i.e. whether the conspiracy charge applied for sentencing purposes to the convictions on the fraud counts or the money laundering count.[2] Because this finding was crucial to the determination of the appropriate sentence, our court remanded the case to the district court for resentencing.

The district court conducted a resentencing hearing for Wayne Lindsey, Benjamin Lindsey, Perry, and Harned on 4 December 2003. At that hearing, Perry

---

[2] The defendants were convicted of both Count 1 in the indictment, which detailed the allegations of a conspiracy to defraud, and Count 52, which contained allegations of conspiracy to launder monetary instruments. At sentencing, however, the district court did not specifically indicate which of these offenses was the object of the conspiracy for which it was imposing the defendants' sentences. While the district court's finding that the applicable total offense level was 37 implied it was basing the sentence on the money laundering count, it made no explicit finding on this issue. Because our case law required the district court to specifically delineate the object of the conspiracy for sentencing purposes when a defendant is convicted for multiple allegations of conspiracy, see, e.g., United States v. Vallejo, 297 F.3d 1154, 1169-70 (11th Cir. 2002), our court remanded the case to the district court to make this determination.

5

made the following statement:

> It's my understanding . . . that . . . there's conflicting case law in the circuits and now, even before the Supreme Court it was granted certiorari based upon what the jury should be presented as far as enhancements to the sentence. I know people bring up Apprendi, going over maximum sentence, you got Ring v. Arizona, you have Harris, you got Cotton, and now there's one in front of them that will decide this very issue of whether a sentencing enhancement should be presented to the jury at least on the face of the indictment if not as a particular line in the jury verdict form. I want to put that in front of the Court just to preserve it for the record because I feel like that could become an issue, according to the way the court decides.

R24 at 12. The defendants also attempted to make additional objections at resentencing, but the district court noted that the purpose of the hearing was for the limited purpose of determining beyond a reasonable doubt the object of the defendants' conspiracy. Accordingly, the district court found beyond a reasonable doubt that, as alleged in Count 52, each defendant conspired to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A). Cawthon was resentenced on 17 December 2003. At that hearing, the district court found beyond a reasonable doubt that he also conspired to illegally launder monetary instruments in violation of § 1956. Following their resentencing hearings, the district court imposed the same sentence that the defendants had received after their original hearings—60 months of imprisonment on the fraud counts and 210 months of imprisonment on the money laundering count, to run concurrently, 3 years of

6

supervised release, and restitution in the amount of $2,157,776.06.

On appeal, the defendants raise several arguments regarding their sentences.[3] First, Wayne Lindsey, Perry, and Harned argue that the district court plainly erred by failing to address the defendants individually at the joint resentencing. Second, Wayne Lindsey, Perry, Harned, and Cawthon argue that the district court failed to follow our mandate at resentencing when it found beyond a doubt that they conspired to violate 18 U.S.C. § 1956(a)(1)(A)(i). Third, the defendants make several arguments which were raised, or should have been raised, in their prior appeal: (a) Wayne Lindsey, Perry, and Harned argue that the district court's restitution order improperly delegated authority to the Bureau of Prisons and the probation office; (b) Wayne Lindsey and Perry argue that the district court used the incorrect version of the Guidelines to compute the defendants' sentences; (c) Wayne Lindsey, Benjamin Lindsey, and Perry argue that their sentences were enhanced based on facts that were not decided by the jury in violation of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000). Fourth, all the defendants argue that the district court erred by enhancing their sentences under the

---

[3] While each defendant submitted his own brief on appeal, several defendants have adopted some or all of the arguments raised by their codefendants pursuant to Federal Rule of Appellate Procedure 28(i) and 11th Circuit Rule 28-1(f). Accordingly, our recitation of the issues on appeal will outline the applicability of each issue to each defendant based on the defendant's brief and his adoption of any of his codefendant's arguments.

Guidelines based on facts that were neither alleged in the indictment nor presented to the jury in violation of <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 543 U.S. __, 125 S. Ct. 738 (2005). We will address each set of arguments in turn.

## II. DISCUSSION

### A. Failure to Resentence Each Defendant Individually

Wayne Lindsey and Harned, in arguments adopted by Perry, claim that the district court erred by failing to make individualized findings of culpability for each defendant on Count 52 at resentencing. Because none of the defendants raised this objection in the district court during the resentencing hearing, we review for plain error. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993) (citing FED. R. CRIM. P. 52(b)). This standard provides that we may not correct an error that was not raised in the district court unless it is "(1) error, (2) that is plain, and (3) that affects substantial rights." <u>United States v. Cotton</u>, 535 U.S. 625, 631, 122 S. Ct. 1781, 1785 (2002) (citations omitted). "If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> (citations omitted).

While it is not improper for a district court to conduct joint sentencing of

convicted codefendants, see Glock v. Singletary, 84 F.3d 385, 385-86 (11th Cir. 1996) (per curiam), a district court must nonetheless rely on individualized findings of fact to impose the proper sentence on each codefendant, see 18 U.S.C. § 3553(a)(1) (noting that a sentencing court "shall consider . . . circumstances of the offense and the history and characteristics of the defendant").  The requirement to make individualized findings of fact is particularly crucial when sentencing a defendant on a conviction for a conspiracy involving codefendants.  See United States v. Petrie, 302 F.3d 1280, 1290 (11th Cir. 2002).  However, "a sentencing court's failure to make individualized findings regarding the scope of the defendant's activity [in a conspiracy] is not grounds for vacating a sentence if the record support[s] the court's determination with respect to the offense conduct." Id.  Moreover, where a defendant fails to request individualized sentencing, the district court is entitled to rely upon the factual statements in the PSI for determining a sentence.  See United States v. Perez-Tosta, 36 F.3d 1552, 1564 (11th Cir. 1994).

Based on these standards, we cannot conclude that the district court's conduct at resentencing constituted error.  Although care should be taken to ensure that each defendant is sentenced based on his or her individual conduct, the record demonstrates that their individual culpability had been appropriately addressed.

After hearing the evidence, a jury convicted Wayne Lindsey, Harned, and Perry on the conspiracy charge based on their individual participation in the Ponzi scheme. Moreover, a separate PSI was compiled for each defendant that accounted not only for their particular criminal conduct in the Ponzi scheme, but also for their individual backgrounds, financial circumstances, and criminal histories. Because none of the defendants requested individualized findings of fact at sentencing, the district court was entitled to base its sentencing decisions on the facts in their individual PSIs. Id. Because the facts in the PSIs were more than sufficient for the district court to find beyond a reasonable doubt that Wayne Lindsey, Harned, and Perry conspired to launder monetary instruments, the district court's failure to make individualized findings of fact at resentencing did not constitute error. See Petrie, 302 F.3d at 1290.

B.  Sufficiency of the Evidence and Our Court's Mandate

Wayne Lindsey and Cawthon, in arguments adopted by Harned and Perry, assert that the district court plainly erred by finding beyond a reasonable doubt that they conspired to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A)(i) at resentencing. Particularly, they argue that the district court did not follow our mandate because it failed to conduct an inquiry into the defendants' culpability based on the "beyond a reasonable doubt" standard; rather,

10

they contend that the district court improperly applied a preponderance standard. Moreover, they assert that the evidence failed to support a finding on the conspiracy charge beyond a reasonable doubt. The government responds that the mandate did not require the district court to reexamine the culpability of the defendants, but rather was limited to the determination of the object of the conspiracy for which the defendants had been sentenced.

Because this claim was not raised at resentencing, we review for plain error, as defined Part II.A. See Olano, 507 U.S. at 731, 113 S. Ct. at 1776. When our court remands a case to the district court for a limited purpose, the "district court . . . cannot vary [our mandate], or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon a matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded." United States v. Tamayo, 80 F.3d 1514, 1520 (11th Cir. 1996) (citations omitted). Because "a mistake in construction of a mandate should ordinarily be corrected by the court who issued the mandate," Weiser v. White, 505 F.2d 912, 915 (5th Cir. 1975), we must examine the scope of the mandate given by our court to the district court.

Based on our review of the prior panel's opinion, our court remanded the defendants' case to the district court for resentencing because the district court

11

failed to find beyond a reasonable doubt which offense in the multiple-count indictment the defendants conspired to commit. Specifically, although the district court ostensibly sentenced the defendants based on a finding that they had conspired to launder monetary instruments, the district court had not made such a finding explicitly on the record. Accordingly, at resentencing, the district court found "beyond a reasonable doubt that each [defendant] conspired to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(A). This violation was an object of count 52 which charged a conspiracy to launder monetary instruments in violation of 18 U.S.C. § 1956(h)." R24 at 17. Thus, the district court followed our mandate and made the requisite finding, see Vallejo, 297 F.3d at 1169-70. Accordingly, we reject the argument that the district court failed to execute the mandate. In addition, we reject the argument that the district court was required to make additional findings at resentencing as to the defendants' culpability. A jury had already convicted the defendants beyond a reasonable doubt on Counts 1 and 52 and our court had affirmed that these convictions were supported by sufficient evidence. Our remand was limited, then, to the narrow issue of which of these offenses had the district court found beyond a doubt was the object of the conspiracy which determined the defendants' sentences. Accordingly, defendants' argument that the district court was required to conduct

12

additional factfinding proceedings is meritless because the district court was not permitted to engage in such inquiries under our mandate. See United States v. Davis, 329 F.3d 1250, 1252 (11th Cir.) (per curiam) (affirming district court's refusal to conduct de novo proceedings on resentencing because mandate limited the permissible inquiry on remand), cert. denied, 540 U.S. 925, 124 S. Ct. 330 (2003).

C.  Arguments Regarding Prior Appeal and Law of the Case

Next, the defendants make several arguments regarding their underlying convictions and original sentences which are outside of the scope of the mandate issued by the prior panel. While we will address each argument in turn, we note that all are governed in some capacity by the law of the case doctrine.  "The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Klay v. Pacificare Health Sys., Inc., 389 F.3d 1191, 1197 (11th Cir. 2004) (citation omitted), cert. denied, __ U.S. __ (2005).  Accordingly, an appellate court is barred from reconsidering in a second appeal issues that were decided in a prior appeal. Id.  Moreover, the law of the case doctrine holds that when a litigant fails to appeal an issue decided by a district court, that issue becomes law of the case and the litigant is deemed to have waived the right to appeal that issue in a subsequent

13

appeal. See United States v. Escobar-Urrego, 110 F.3d 1556, 1560 (11th Cir. 1997); United States v. Fiallo-Jacome, 874 F.2d 1479, 1481-82 (11th Cir. 1989). "The [law of the case] doctrine, however, does not limit the court's power to revisit previously decided issues when (1) new and substantially different evidence emerges at a subsequent trial; (2) controlling authority has been rendered that is contrary to the previous decision; or (3) the earlier ruling was clearly erroneous and would work a manifest injustice if implemented." Klay, 389 F.3d at 1197-98. Based on these standards, we consider the defendants' arguments.

1. District Court's Order of Restitution

Wayne Lindsey and Harned, in arguments adopted by Perry, argue that the district court's restitution order improperly delegated authority to the Bureau of Prisons and the probation office. Particularly, they argue that the district court erred by failing to establish payment schedules for the defendants at sentencing. Because the defendants did not raise this issue at their original sentencing hearings, and because the district court's restitution order was not part of our court's mandate on remand, the defendants waived their ability to raise this issue in this appeal. See Escobar-Urrego, 110 F.3d at 1560; Fiallo-Jacome, 874 F.2d at 1481-82.

2. Version of the Guidelines Used at Sentencing

14

Wayne Lindsey and Perry argue that the district court used the incorrect version of the Guidelines to compute the defendants' sentences. Specifically, they argue that the district court should have used the 2003 version of the Guidelines at resentencing instead of the 1996 version which was used at the original sentencing. The defendants raised an objection about the version of the Guidelines used at sentencing in their first appeal and our court disposed of their objection and affirmed the district court's use of the 1996 Guidelines in our prior opinion. Accordingly, because our mandate did not allow the district court to reexamine this issue at resentencing, and because Lindsey and Perry have not argued that any of the exceptions to the law of the case doctrine apply, the prior panel's opinion constitutes law of the case that is barred from reconsideration in this appeal. See Klay, 389 F.3d at 1197.

3. Apprendi Sentencing Error

Benjamin Lindsey and Perry, in arguments adopted by Wayne Lindsey, argue that their sentences were enhanced based on facts that were not decided by the jury in violation of Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63 (2000). The defendants did not raise any Apprendi arguments at their initial sentencing hearing even though such arguments were available to them. Accordingly, the defendants have waived their ability to raise Apprendi error in

15

this appeal and therefore we decline to address it.  See Fiallo-Jacome, 874 F.2d at 1481-82; United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) (finding defendant waived ability to argue Apprendi error by failing to timely raise the issue).

D.  *Blakely/Booker* Error

Finally, the defendants argue that the district court violated the Sixth Amendment by enhancing their sentences based on facts that were not found by a jury in violation of Blakely and Booker.  The government argues that, like the defendants' Apprendi arguments, the defendants' Blakely/Booker arguments are likewise barred from consideration under the law of the case doctrine.  The law of the case doctrine does not apply, however, when contrary controlling authority has been rendered.  See Bolt v. Halifax Hosp. Med. Ctr., 980 F.2d 1381, 1389 n.5 (11th Cir. 1993).  Here, because Booker and Blakely were decided after the defendants' initial appeal and constitute controlling precedent which impact sentencing issues previously decided, the exception to the law of the case doctrine applies. Moreover, in Booker, the Court clarified that its holding applied "to all cases on direct review."  543 U.S. at __, 125 S. Ct. at 769.  Because the appeals of the defendants were still pending when Booker was decided, we are compelled by the Court's opinion to address the defendants' Blakely/Booker arguments.

16

The standard of review applied to Blakely/Booker claims hinges on whether the defendants preserved their Blakely/Booker claims by timely objecting to the enhancements in district court. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005). Here, although the defendants did not raise any Sixth Amendment objections at the original sentencing hearing in 2002, Perry did reference Blakely/Booker considerations at the resentencing in 2003. This was sufficient to preserve Booker error for purposes of this appeal. See United States v. Lang, 405 F.3d 1060, 1064 (10th Cir. 2005) (finding defendant had preserved Booker error claim by raising it for the first time in the district court at resentencing). Moreover, even though none of Perry's codefendants objected on their own behalf based on Blakely/Booker error, Perry's objections may be imputed for purposes of appeal to the other codefendants. See United States v. White, 589 F.2d 1283, 1290 n.14 (5th Cir. 1979). Accordingly, because we deem that all the defendants had preserved their Booker error claims, we review their sentences de novo and will reverse if the error was not harmless. See United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam). To find harmless error, we must determine that the error did not affect the substantial rights of the parties. Id. This standard is met where "it is clear beyond a reasonable doubt that the error complained of did not contribute to the [sentence] obtained." Id. (citations

17

omitted). "The burden is on the government to show that the error did not affect the defendant's substantial rights." Id.

Because the defendants' sentences were enhanced based on facts not found beyond a reasonable doubt by a jury, and because they were sentenced under the pre-Booker mandatory sentencing scheme, there is error in light of the Supreme Court's constitutional and remedial holdings in Booker. See United States v. Robles, __ F.3d __, __ (11th Cir. 2005) (per curiam) (finding both constitutional and statutory Booker error). Accordingly, we must focus on whether this error affected the defendants' substantial rights. Based on our review of the record, we find that it did not. The transcript from the resentencing hearing demonstrates that, after sentencing the defendants according to the Guidelines, the district court made an independent determination that the sentencing range required by the Guidelines was "an appropriate range in each of your cases." R24 at 19. The district court also made the determination that the sentences imposed were appropriate after "carefully consider[ing] each of your circumstances and all the evidence." Id. Because it is clear from these statements that any Booker error did not contribute to the sentences in this case, it did not affect the substantial rights of the defendants and therefore was harmless. See United States v. Carroll, No. 04-14116 (11th Cir. Jun. 6, 2005) (per curiam) (unpublished opinion) (finding harmless Booker error

18

where the district court found the sentence was appropriate based on its consideration of the circumstances of the defendant notwithstanding the Guidelines); United States v. Gallegos-Aguero, __ F.3d __, __ (11th Cir. 2005) (per curiam) (finding harmless error where the district court's use of the Guidelines had "no actual prejudice" on the defendant and did not affect the sentence imposed). In addition, we note that the district court, in reference to the statutory sentencing factors listed in 18 U.S.C. § 3553(a), stated that the defendants' sentences were consistent with the "philosophy of guideline sentencing." R24 at 19. These statutory considerations and the defendants' individual circumstances are the very factors we would direct the district court to consider if we remanded this case to the district court. See Carroll, No. 04-14116. Because the sentencing transcript makes it clear that the district court made these determinations at resentencing and found they supported the defendants' sentences given under the Guidelines, we conclude that the Booker error at resentencing was harmless error. See id.

### III. CONCLUSION

In this appeal, the defendants made several arguments that the district court erred at resentencing. As we have explained, however, the district court did not err by resentencing the defendants jointly or by failing to consider matters outside of

our court's mandate.  In addition, the defendant's arguments that were raised, or could have been raised, in the prior appeal were barred from consideration by the law of the case doctrine.  Finally, although the defendants' Blakely/Booker arguments are reviewable pursuant to an exception in the law of the case doctrine, any Blakely/Booker error was harmless.  Accordingly, the defendants' sentences are **AFFIRMED**.