[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14376
Non-Argument Calendar

_____

D.C. Docket Nos. 1:09-cv-23473-MGC,
1:04-cr-20487-MGC-1

GARY K. WILSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 31, 2013)

Before BARKETT, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Gary K. Wilson, a federal prisoner serving a sentence of life imprisonment

for convictions for various drug offenses, as well as conspiracy to commit robbery and extortion, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate.  In his motion, Wilson claimed he was denied effective assistance of counsel when his appellate counsel failed to challenge on direct appeal the trial court's decisions: (1) not to conduct juror inquiries, despite reports that Wilson was staring at the jury; and (2) to keep Wilson shackled during trial without first making individualized findings that such shackling was warranted.[1]  The district court subsequently denied Wilson's § 2255 motion, but granted a COA as to these two specific issues.  After review, we affirm the district court.[2]

## I.

Wilson argues the district court erred in finding no juror inquiry was required despite the fact that two jurors reported they were afraid of Wilson because he was staring at them.  He asserts that allowing fearful jurors to sit in

---

[1] Wilson also alleged appellate counsel was ineffective because he did not challenge the trial court's failure to make an "appropriate inquiry" into whether an excused juror "had made comments that might have polluted the remaining jurors."  Because this issue was not enumerated specifically in the certificate of appealability (COA), it is not properly before us and we decline to review it. *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). Wilson additionally claimed his appellate counsel was ineffective for failing to challenge the validity of the prior convictions used to enhance his sentence.  Because the district court declined to grant a COA as to this claim, and we denied Wilson's motion to expand the COA to include it, we do not further address this issue either.

[2] In addressing a § 2255 motion, we review questions of law *de novo*, and findings of fact for clear error.  *McKay*, 657 F.3d at 1195.  Claims of ineffective assistance of counsel are subject to *de novo* review as mixed questions of law and fact. *Brownlee v. Haley*, 306 F.3d 1043, 1058 (11th Cir. 2002).

2

judgment of him was an error that appellate counsel should have addressed on appeal, and that counsel's failure to do so was both deficient and prejudicial.

To prevail on an ineffective-assistance-of-counsel claim, the defendant must demonstrate both that: (1) his counsel's performance was deficient, in that it fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result of that deficient performance. *Strickland v. Washington*, 104 S. Ct. 2052, 2064–67 (1984). *Strickland*'s two-part test governs ineffective-assistance-of-appellate-counsel claims as well. *Clark v. Crosby*, 335 F.3d 1303, 1310 (11th Cir. 2003). We have held that if a legal principle at issue is unsettled, counsel will not have rendered deficient performance for an error in judgment in failing to raise that issue on appeal. *Black v. United States*, 373 F.3d 1140, 1144 (11th Cir. 2004). An appellate counsel's performance is prejudicial if "the neglected claim would have [had] a reasonable probability of success on appeal." *Philmore v. McNeil*, 575 F.3d 1251, 1265 (11th Cir. 2009) (quotation omitted).

We have yet to consider in a published opinion whether a defendant's alleged staring at the jury constituted an "extraneous" or "extrinsic" contact such that the district court was required to conduct further inquiry,[3] and we note that

---

[3] When a defendant raises a colorable claim of extrinsic or extraneous influence, a hearing is required to "investigate the asserted impropriety." *See Remmer v. United States*, 74 S. Ct. 450, 451 (1954) (involving a direct appeal).

3

our sister circuits are split on the issue.[4]  In *United States v. Khanani*, 502 F.3d 1281 (11th Cir. 2007), involving a direct appeal, we considered a district court's conclusion that a juror could remain impartial after that juror reported she had "locked eyes" with an unidentified man vaguely resembling the defendant "on one occasion, giving her a sense of danger." *Id*. at 1291.  Because the factors as a whole supported the district court's conclusion that the juror was, and could remain, impartial, we concluded that "even assuming an extrinsic contact with a jury, in fact, occurred, it was not prejudicial." *Id*. at 1292.  Notably, we did not determine whether a juror "locking eyes" with a man resembling the defendant was in fact an "extrinsic contact." *See id*.

We decline to resolve the issue here.  Instead, with regard to the ultimate issue of whether Wilson's appellate counsel was ineffective for failing to raise this claim, we hold that because the "legal principle at issue is unsettled," counsel did not "render[] deficient performance for an error in judgment" in failing to raise it

---

[4] *See, e.g., United States v. Owens*, 426 F.3d 800, 805 (6th Cir. 2005) (holding, on direct appeal, that, "[a]lthough it was never determined whether Owens actually stared at the preoccupied juror during his trial, a defendant is not automatically entitled to a *Remmer* hearing because he has managed to insult or frighten a juror"); *United States v. Lopez*, 271 F.3d 472, 489 (3d Cir. 2001) (upholding, on direct appeal, a district court's decision not to question a juror because the defendant's conduct in staring at the juror did not constitute "an outside influence"). *But see United States v. Simtob*, 485 F.3d 1058, 1065 (9th Cir. 2007) (holding, on direct appeal, that "because the district court made no inquiry of the juror when the juror voiced his or her concern that the defendant's alleged act of eye-balling the juror made the juror feel threatened, it abused its discretion in failing to take proper remedial action").

4

on appeal.  *Black*, 373 F.3d at 1144, 1146 (noting that a reasonable attorney in the position of appellate counsel could have concluded a "hypothetical scenario" considered in a case "was simply dicta and did not provide binding authority").  Similarly, even assuming counsel's performance was deficient for failing to raise the issue on direct appeal, Wilson could not establish that, but for the deficient performance the outcome of his appeal would have been different.  *Strickland*, 104 S. Ct. at 2068. The very fact that the issue remains undecided in this Circuit, and the other circuits are split on the issue, weighs against the argument that Wilson would have prevailed on appeal had counsel raised the issue.

## II.

Wilson next argues there was no record evidence to permit the trial court to make the required specific and individualized assessment that it was necessary to shackle him during trial.  Further, he contends the *post hoc* findings by the district court in denying the motion to vacate—that he and his codefendants were shackled because of reports they were attempting to threaten and intimidate trial witnesses—were insufficient under the Supreme Court's decision in *Deck v. Missouri*, 125 S. Ct. 2007 (2005).  Ultimately, he asserts the shackles prejudiced him at trial, and had the issue been raised on appeal, there was a reasonable possibility that it would have changed the outcome.

In *Deck*, the Supreme Court stated that "the Fifth and Fourteenth Amendments prohibit the use of physical restraints *visible* to the jury absent a trial court determination, in the exercise of its discretion, that they are justified by a state interest specific to a particular trial." *Id*. at 2012 (emphasis added). In *United States v. Baker*, 432 F.3d 1189 (11th Cir. 2005), we held that the district court's failure to make "express defendant-by-defendant findings" pursuant to *Deck* was not an abuse of discretion because of the defendants' "individual criminal histories, including many violent crimes, the violent crimes for which they were in fact indicted, the sheer number of defendants on trial, the fact that each of the defendants had a full opportunity to respond to the court's concerns and raise alternative proposals, and the lack of any record evidence that the jury could see the shackles." *Id*. at 1245–46.

Wilson did not assert in his motion to vacate that his shackles were visible, or that the shackles in any way prevented him from participating in his own defense or in communicating with his attorney, and there was no evidence to support any such contention. Instead, he conceded his shackles were covered by a cloth that was draped over the defense table, and the Government presented evidence that the court conferred with court security and decided to change courtrooms for trial to prevent the jury from seeing Wilson in shackles. Moreover,

he did not dispute that the trial court received reports of threats by him and his codefendants, he had an extensive criminal history, the crimes for which the defendants were indicted were violent, and there were a large number of defendants in the case. Additionally, there was no evidence that defense counsel lacked an opportunity to object or raise alternative proposals to the shackling.

Nevertheless, even assuming appellate counsel's representation was deficient for failing to raise the issue on direct appeal, the district court did not err in denying Wilson's motion to vacate. The second prong of *Strickland* required Wilson to show that the outcome of his appeal would have been different had appellate counsel raised the shackling issue on appeal. *See Marquard v. Sec'y for Dep't of Corrs.*, 429 F.3d 1278, 1313-14 (11th Cir. 2005) (noting that a defendant who argues his counsel was ineffective for failing to object to shackles bears the burden to establish a reasonable probability that, but for his trial counsel's failure to object to shackling, there would have been a different result). As discussed above, Wilson did not dispute that there existed ample justification to support the trial court's decision to order him shackled, and there was no evidence the jury ever saw the restraints or that they prevented him from communicating with his attorney, so Wilson cannot show he was prejudiced by appellate counsel's failure to raise this issue. *See id.*; *Baker*, 432 F.3d at 1245-46.

**AFFIRMED.**